**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES,**

            **Plaintiff,**      **CASE NUMBER: 02-80631**
**v.**                               **HONORABLE VICTORIA A. ROBERTS**

**VINCENT EARL THOMPSON**

            **Defendant.**

## ORDER

Before the Court is pro se Defendant Vincent Earl Thompson's ("Thompson") Motion for Reconsideration for a reduction of his sentence under 18 U. S.C. § 3582(c)(2). Pursuant to E.D. Mich. LR 7.1(h), in order for a Motion for Reconsideration to be granted, the moving party must first demonstrate a defect which has misled the Court and the parties, and secondly, show that a different disposition will result after correction of the defect.

On June 6, 2013, Thompson filed a motion for reconsideration for retroactive application of the U.S. Sentencing Guidelines Manual § 2D1.1 (2005) to a crack cocaine offense under 18 U.S. C. § 3582(c)(2). Under 18 U.S.C § 3582(c)(2), upon motion by a defendant, the Director of the Bureau of Prisons, or on its own the Court can reduce a term of imprisonment based upon a subsequent amendment made by the Sentencing Commission lowering the sentencing range. The order regarding the motion for sentencing reduction was entered on May 17, 2012; therefore, this motion for reconsideration is substantially delayed. But, Thompson argues that under the recent

1

holding in *United States v. Blewett*, he is eligible for a reduction in his sentence. No. 09-5300, 2011 WL 1682884, at *419 (6th Cir. May 5, 2011).

Thompson reads *Blewett* to hold that if a defendant is sentenced as a Career Offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2005), and there is an amendment to U.S. Sentencing Guidelines Manual § 2D1.1 (2007), the defendant is entitled to a sentence reduction under 18 U.S. C. § 3582(c)(2). Thompson argues that this is a change in the law which entitles him to a sentence reduction. But, this is not the *Blewett* holding.

In *Blewett*, the defendant was sentenced to 262 months in prison on crack cocaine distribution and possession charges. The defendant argued that since there was a recent amendment to U.S. Sentencing Guidelines Manuel § 2D1.1 (2007), reducing the base offense level for crack cocaine amounts, his enhanced Career Offender sentence should be reduced under 18 USC § 3582(c)(2). *Blewett* at 419. However, the Sixth Circuit held that this argument was foreclosed by the Court's holding in *United States v. Perdue*. In *Perdue* the Court held that an "alternative base offense level under § 2D1.1 ultimately [does] not affect the calculation of the sentencing range under the career offender classification, § 4B1.1." *Blewett* at 419(citing *United States v. Perdue*, 572 F .3d 288 (6th Cir. 2009)). The Sixth Circuit in *Blewett* also rejected the defendant's argument that all of the Sentencing Guidelines are advisory and, therefore, the amendment to the crack cocaine base levels cannot necessarily be constrained by the Career Offender provision. *Id.*

2

Applying *Blewett* to this case, the 2007 amendment reducing base offense levels for crack cocaine offenses by two levels does not affect the calculation of Thompson's sentence as a Career Offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2005). Under 18 USC § 3582(c)(2), the Court can only consider reducing a sentence when the sentence has been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Therefore, under 18 USC § 3582(c)(2), Thompson's sentence cannot be reduced because the Career Offender sentencing range has not been lowered by the amendment to U.S. Sentencing Guidelines Manual §2D1.1 (2007), which lowered crack cocaine base offense levels.

Thompson fails to demonstrate any defect that misled the Court or the parties. Nor has he shown that a different disposition would result.

The Court **DENIES** the Motion for Reconsideration.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 8, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Vincent Earl Thompson by electronic means or U.S. Mail on July 8, 2013.

S/Linda Vertriest

Deputy Clerk